UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re: | Case No. 10-11452 |
| RAYSHAWN DANIELS and REVIE DANIELS, | Chapter 13 |
| | Judge Pat E. Morgenstern-Clarren |
| Debtors. | |
| | **MEMORANDUM OF OPINION AND ORDER FINDING RAYSHAWN AND REVIE DANIELS AND LAVITTA MURRAY IN CONTEMPT, AND IMPOSING FINES** |

This court entered an order requiring Rayshawn and Revie Daniels and LaVitta Murray to appear and show cause as to why Ms. Murray filed the petition for the debtors and whether any individual or company assisted in the preparation of the petition. When the parties failed to appear, the court ordered them to appear and explain why they should not be held in contempt. (Docket 6, 22). The parties again failed to appear. For the reasons stated below, Rayshawn and Revie Daniels and LaVitta Murray are found to be in civil contempt.

## JURISDICTION

The court has jurisdiction under 28 U.S.C. § 1334 and General Order No. 84 entered by the United States District Court for the Northern District of Ohio. This is a core proceeding under 28 U.S.C. § 157(b)(2).

## FACTS AND DISCUSSION

Rayshawn and Revie Daniels and LaVitta Murray were ordered to appear on March 30, 2010 to explain why Ms. Murray filed this petition for Rayshawn and Revie Daniels and whether

any individual or company assisted in the preparation of the petition.  (Docket 6).  The parties did not appear on March 30, 2010 and were ordered to appear on April 13, 2010 to show cause why they should not be held in contempt for their failure to appear in response to the court's order.  (Docket 22).  The parties failed to appear on April 13, 2010.  The court, therefore, considers whether Rayshawn and Revie Daniels and LaVitta Murray are in contempt of the order to appear.

The court's contempt powers derive from "Bankruptcy Code § 105(a) and the inherent power of a court to enforce compliance with its lawful orders." *In re Walker*, 257 B.R. 493, 496 (Bankr. N.D. Ohio 2001) (citations omitted).  Contempt must be shown by clear and convincing evidence that the alleged contemnor violated a definite and specific court order which required the performance or the nonperformance of an act with knowledge of that court order.  *Id.* at 497.  "Willfulness is not an element of civil contempt and intent to disobey the order is irrelevant." *Id.*  The alleged contemnor may defend by showing an inability to comply with the order.  *Id.*

Based on the facts, Rayshawn and Revie Daniels and LaVitta Murray are in contempt of this court's order to appear.  The docket shows that the parties were served with the order to appear.  The terms of the order were specific, requiring them to appear on March 30, 2010 to address the court's concerns regarding the filings made in this case.  The parties did not appear on March 30, 2010 in response to the order to appear.  They also failed to appear on April 13, 2010 to explain why.

These facts show clearly and convincingly that Rayshawn and Revie Daniels and LaVitta Murray had knowledge of the order to appear and failed to comply with it.  The parties were given adequate notice and an opportunity to be heard on the contempt issue, yet they failed to appear and have not provided any explanation for their failure to comply with the court's order.

The court, therefore, finds that Rayshawn and Revie Daniels and LaVitta Murray are in contempt based on their failure to comply with the order to appear.

The next issue is the appropriate consequence for the contempt. A coercive per diem fine is appropriate under the circumstances to encourage the parties' compliance with the court's order. *Id.* at 498. The totality of the circumstances must be considered in determining the amount of the fine, including these factors:

> 1. The type of actions that led to the issuance of the [show cause order], and the consequences of non-compliance with the [show cause order];
>
> 2. The reasons advanced . . . for non-compliance with the [show cause order] . . . and any good faith issues, even if those factors do not serve as a defense to the contempt charge;
>
> 3. Whether [the parties] express[] an intention to promptly comply with the [show cause order];
>
> 4. The amount of time that has elapsed since the [show cause order] was entered; and
>
> 5. [The parties'] financial circumstances.

*Id.* (footnote omitted).

The parties were ordered to appear more than a month ago. They failed to comply with the court's show cause order. Under these circumstances, a daily fine for each of them in the amount of $10.00 is appropriate to make the parties reconsider their failure to comply with the court's order.

**CONCLUSION**

For the reasons stated, Rayshawn and Revie Daniels and LaVitta Murray are found to be in civil contempt based on their failure to comply with the order to appear. The parties may file a request for a hearing for the purpose of explaining their failure to appear on April 13, 2010. A fine in the amount of $10.00 per party per day is imposed for each day until they make that request. The fine is to be paid to the Clerk's Office of the United States Bankruptcy Court at Cleveland.

IT IS SO ORDERED.

_____
Pat E. Morgenstern-Clarren
United States Bankruptcy Judge

To be served by the clerk's office by regular U.S. mail on:
 Ms. LaVitta Murray, 3164 Essex Road, Cleveland Heights, OH 44118
 Ms. LaVitta Murray, 2771 McCurdy, Cleveland, OH 44104